USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3 0 NOV 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

LUIS DENO, as guardian ad litem for his son, EMERSON DENO,

                Plaintiff,

    -v-

                              10 Civ. 8550 (KBF)

OFFICER KAREN BLACKMAN, Shield No. 9369;
OFFICER MCKENNEY; OFFICER MARRANO;
OFFICER EDWARDS; CAPTAIN HACKETT;
ASSISTANT DEPUTY WARDEN BENNETT; JOHN
DOES #1-10,

                Defendants.

MEMORANDUM OPINION & ORDER

------------------------------------X

KATHERINE B. FORREST, District Judge:

Emerson Deno ("E. Deno"), by guardian ad litem Luis Deno, brought this action against certain individuals associated with the New York City Department of Correction (the "Defendants") for (i) allegedly causing and subsequently failing to stop an assault on E. Deno by a fellow inmate when he was detained at the North Infirmary Command on Rikers Island on April 18, 2009, and (ii) failing to provide E. Deno with proper medical treatment following the alleged assault. The issue before this Court relates to the competency of the plaintiff to appear for deposition. At a conference before the Court on November 10, 2011, counsel for plaintiff stated that testimony from the

plaintiff is required to develop a factual record regarding the claims asserted in this matter. Counsel for plaintiff also stated that medical testimony or records would not be an adequate substitute.

On May 28, 2009, E. Deno was adjudicated an incapacitated person pursuant to Article 730.20 of the New York Criminal Procedure Law by the Supreme Court of the State of New York, New York County in the case captioned People of the State of New York v. Emerson Deno, Ind. No. 02107-2008. Subsequently, the Supreme Court of the State of New York, New York County, committed E. Deno to the custody of the New York State Commissioner of Mental Health. E. Deno remains committed.

This matter is now at a crossroads: either the plaintiff appears for deposition, provides competent evidence in support of his claims allowing for disposition, or this matter is ripe for disposition by summary judgment by defendants based on the absence of evidence supportive of the claims asserted in the complaint.

On November 10, 2011, the Court requested briefing regarding whether the plaintiff is competent to appear for deposition. After receiving the submissions of the parties, it is abundantly clear that they do not agree as to whether the plaintiff can appear for deposition. For the reasons discussed

below, this Court orders that plaintiff make himself available for deposition within 30 days. If he is unwilling or unable to do so, this matter will be dismissed pursuant to Federal Rules of Civil Procedure 37 and 41.

If the deposition proceeds, the parties may then make whatever arguments they deem appropriate regarding the competency of the plaintiff's testimony in this matter. Allowing the deposition to proceed does not preclude defendants from filing a motion *in limine* regarding the admission of any part of the deposition at trial based on the witness's competency. *See* Fed. R. Civ. P. 32(d)(1) ("An objection to a deponent's competence--or to the competence, relevance, or materiality of testimony--is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time.").

Whether a witness is competent to testify depends on the individual's ability to observe, to remember, to communicate, and to understand that the oath imposes a duty to tell the truth. *See* *Tate v. Bd. of Educ. Of the City Sch. Dist. Of Peekskill*, 346 F. Supp. 2d 536, 537 (S.D.N.Y. 2004). The Federal Rules of Evidence establish a general presumption in favor of finding witnesses competent to testify. *See* Fed. R.

Evid. 601 ("Every person is competent to be a witness except as otherwise provided in these rules.").

Here, defendants rely on two-year old reports to argue that E. Deno is not competent to appear for deposition. Those reports do not speak to E. Deno's current ability to observe, to remember, to communicate, and to understand that the oath imposes upon him the duty to tell the truth such that he cannot be deposed in this matter at this time. Thus, the Court is without any evidence that E. Deno is not competent to sit for a deposition. Accordingly, the parties should proceed with E. Deno's deposition or inform the Court if he will or cannot appear.

## CONCLUSION

For the foregoing reasons, the Court directs the parties to proceed with E. Deno's deposition, which shall occur no later than December 30, 2011.

SO ORDERED:

Dated:   New York, New York
         November 30, 2011

                                                 KATHERINE B. FORREST
                                                 United States District Judge